## No. 2042
## Second Circuit

### S. B. SIMON v. DR. R. H. BLACKMAN

(March 11, 1926, Opinion and Decree)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on a question of fact, namely, that the plaintiff "realtor" was entitled to his commission because he had complied with his contract, being clearly correct is affirmed.

Appeal from the City Court of Shreveport, Caddo Parish, Louisiana, Hon. David B. Samuels, Judge.

Plaintiff brings this suit to collect the sum of $250.00 which, he alleges, is due him by defendant for commisson on the sale of real estate. There was judgment in the lower court in favor of the plaintiff for the amount claimed, from which judgment defendant appealed.

Judgment affirmed.

B. H. Lichtenstein, of Shreveport, attorney for plaintiff, appellee.

E. W. and P. N. Browne, of Shreveport, attorneys ·for defendant, appellant.

ODOM, J.    Plaintiff brings suit to collect the sum of $250.00 which, he alleges is due him by defendant for commission on the sale of real estate.

There was judgment in the lower court in favor of the plaintiff for the amount claimed, from which judgment defendant appealed.

### OPINION

Defendant, Dr. R. H. Blackman, owned certain real estate in the city of Shreveport which he desired to sell. He entered into an agreement with the plaintiff, S. B. Simon, to the effect that if the plaintiff would find a purchaser for the property

at the price of $6250.00 he would give plaintiff, for his services, the sum of $250.00.

Simon found a purchaser for the property at the price agreed upon.

It seems that the agreement between Dr. Blackman and Simon was that the price for the property shold be $6250.00 and that Dr. Blackman should receive $750.00 in cash, a first mortgage for $4000.00 and a second mortgage for $1500.00. Simon found a purchaser for the property at that price who finally purchased it.

There is no dispute between the parties as to the amount of commission that defendant was to allow plaintiff for making the sale.

But it is defendant's contention that plaintiff agreed to find some one who would take up the first mortgage note of $4000.00 so that the defendant should receive in cash not only the $750.00 but also $4000.00 for the first mortgage note. Defendant was willing to carry the second mortgage note of $1500.00, but was not willing to sell the property unless he realized at least $4750.00 in cash from the sale.

Defendant claims that because Simon was not able to find a purchaser for the $4000.00 first mortgage note he has not carried out his contract and that therefore he owes him no commission.

Defendant says, in his testimony, that during some of his negotiations with plaintiff the plaintiff wrote out on a piece of paper with pen and ink the following words: "I undertake to place a four-thousand dollar first mortgage on this property" and signed the same with pen and ink.

It is admitted that plaintiff did not find a purchaser for the $4000.00 mortgage note.

However, according to defendant's own testimony, he did finally make a deed for the property and received not only the $750.00 in cash but also received $4000.00 additional in cash. He claims, however, that in order to get the cash on the $4000.00 first mortgage note it was necessary for him to sell to another party certain other lots of ground which he owned in the City of Shreveport, and it is his contention that without making the sale of these other lots he could not have procured a purchaser for the $4000.00 first mortgage note. He sold five of these lots at $1100.00 each. He says that the lots cost him $1400.00 each, and it was suggested by counsel for defendant in his argument before the court that defendant, in order to realize cash on the note for $4000.00 he had to sacrifice his property.

But Dr. Blackman, in his testimony, did not state that the lots which he sold were worth as much as they were when he bought them. While he states that he paid $1400.00 apiece for the lots he does not state that they had not declined in value from the time he purchased them up to the date on which he sold them.

According to defendant's own testimony he finally received for his property the price which he agreed to accept for it and procured the amount of cash which it was understood he should receive.

The testimony does not convince us that plaintiff was to receive his commission of $250.00 on condition that he float the $4000.00 first mortgage note.

The plaintiff having found a purchaser for defendant's property and the defendant having received all he asked for it we think he is bound for plaintiff's commission.

Defendant testified that as a compromise he had offered plaintiff a half-interest in one of the second mortgage notes for $500.00. It does not seem to us rea-

sonable that defendant would have made that offer had he not realized that he owed the plaintiff the commission sued for.

Upon the whole, the testimony convinces us that the plaintiff is entitled to recover the amount which he claims.

For the reasons assigned, it is therefore ordered, adjudged and decreed that. the judgment appealed from be affirmed with costs.